Robert F. Keehn, Esq. (115848)
rkeehn@rfk-law.com
Law Office of Robert F. Keehn
1875 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 551-6525 telephone
(310) 284-2654 facsimile

Attorney for Plaintiff
Erik G. Wilke

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK G. WILKE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　Defendant. | Case No. 8:17-cv-00984<br><br>COMPLAINT FOR DECLARATORY RELIEF, PLAN BENEFITS AND ENFORCEMENT OF RIGHTS UNDER EMPLOYEE RETIREMENT INCOME SECURITY ACT<br><br>[29 U.S.C. § 1132(a)(1)(B)] |

Plaintiff ERIK G. WILKE complains against defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA as follows:

PRELIMINARY ALLEGATIONS

1.　Plaintiff ERIK G. WILKE (hereinafter "WILKE" or "plaintiff") is an individual. At all relevant times, plaintiff was, and now is, a resident of the County of Orange.

2. Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (hereinafter "PRUDENTIAL" or "defendant") was at all relevant times, and now is, a corporation organized and existing pursuant to the laws of New Jersey, with a principal place of business in Newark, New Jersey.

3. On or about January 1, 2011, PRUDENTIAL issued a group contract of long-term disability income insurance, Policy No. DG-17900-DE, to Automatic Data Processing, Inc. ("ADP") or a related or affiliated entity. ADP used Policy No. DG-17900-DE to fund an "employee welfare benefit plan" ("the ADP LTD Plan") within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).

4. At all relevant times, WILKE was insured under Policy No. DG-17900-DE and was a "participant" in and/or "beneficiary" of the ADP LTD Plan within the meaning of ERISA, 29 U.S.C. § 1002(7) and 29 U.S.C. § 1002(8), respectively.

5. This Court has jurisdiction of this matter pursuant to ERISA, 29 U.S.C. § 1132(e)(1). Venue in this judicial district is proper under 29 U.S.C. § 1132(e)(2) in that the breach of the subject ERISA plan occurred here, and defendant may be found here.

### FIRST CLAIM FOR RELIEF
(Declaratory Relief under 29 U.S.C. § 1132(a)(1)(B))

6. Plaintiff incorporates herein by this reference as though fully set forth the allegations of Paragraphs 1 through 5, above.

7. In May 2013, WILKE became totally disabled and unable to work in his occupation. Plaintiff submitted a claim for long-term disability benefits ("LTD benefits") to PRUDENTIAL in its capacity as claims administrator and fiduciary for the ADP LTD Plan. Following expiration of the applicable waiting period,

PRUDENTIAL paid LTD benefits to WILKE from November 11, 2013 through November 10, 2015, but thereafter terminated plaintiff's benefits based on defendant's conclusion that WILKE no longer met the requirements for continued LTD benefits. PRUDENTIAL informed WILKE of its decision under cover of November 24, 2015

8. Following the termination of his LTD benefits, plaintiff submitted the mandatory administrative appeal to defendant. The administrative appeal submitted by WILKE was rejected by PRUDENTIAL on March 20, 2016, thereby satisfying any requirement for the exhaustion of administrative remedies. A second, voluntary appeal by WILKE was rejected by PRUDENTIAL on April 18, 2017.

9. While WILKE's second administrative appeal was pending, defendant arranged for an "independent medical examination" ("IME") of plaintiff, using a physician retained and compensated by PRUDENTIAL. The IME physician concluded that WILKE was incapable of sitting for more than 10 minutes at a time, for more than 20 minutes in an hour, or for more than 2.5 hours in a work day. The IME physician also concluded that plaintiff was capable of "occasionally" lifting up to 10 pounds ("occasionally" meaning one-third or less of the time).

10. PRUDENTIAL accepted the IME physician's findings as set forth above, but nonetheless took the position that WILKE was capable of performing any of four different occupations identified in the Dictionary of Occupational Titles ("DOT"). Three of these occupations were classified by the DOT as "sedentary," while the fourth was classified as "light." In taking this position, defendant claimed that the three sedentary occupations could accommodate plaintiff's sitting restrictions with a "sit-stand" option, which of course was nonsense because the DOT doesn't set forth any such option and because defendant's position in any event was contrary to controlling Ninth Circuit authority. See Armani v. Northwestern Mutual Life Ins. Co., 840 F.3d 1159 (9th Cir. 2016). PRUDENTIAL's conclusion as to the fourth occupation was equally

untenable, as the DOT sets forth physical requirements for that occupation in excess of what the IME physician concluded was possible for WILKE.

11. A controversy has arisen and now exists between plaintiff and defendant regarding plaintiff's entitlement to LTD benefits subsequent to November 10, 2015. Plaintiff contends that he continues to be totally disabled within the meaning of the ADP LTD Plan and Policy No. DG-17900-DE, and that he is entitled to ongoing LTD benefits (and almost certainly will be until the end of the ADP LTD Plan's maximum benefit period) as the result of his continuing disability and other factors properly to be taken into account. Defendant apparently contends that its termination of plaintiff's LTD benefits was proper. A judicial declaration of the parties' respective rights, obligations and liabilities therefore is necessary and appropriate at this time.

12. As a result of the dispute and disagreement explained above, it has become necessary for WILKE to retain an attorney to enforce his rights under ERISA. Plaintiff therefore is entitled to an award of reasonable attorney fees and costs under ERISA, 29 U.S.C. § 1132(g)(1).

## SECOND CLAIM FOR RELIEF
(Plan Benefits and Enforcement of Rights under 29 U.S.C. § 1132(a)(1)(B))

13. Plaintiff incorporates herein by this reference as though fully set forth the allegations of Paragraphs 1 through 10, above.

14. As a result of PRUDENTIAL's wrongful actions as set forth above, WILKE has been damaged in an amount to be shown according to proof, and accordingly is entitled to continued LTD benefits under the ADP LTD Plan and Policy No. DG-17900-DE, and an enforcement of his rights, in that amount.

15. As a result of the dispute and disagreement explained above, it has become necessary for WILKE to retain an attorney to enforce his rights under

ERISA. Plaintiff therefore is entitled to an award of reasonable attorney fees and costs under ERISA, 29 U.S.C. § 1132(g)(1).

WHEREFORE, plaintiff ERIK G. WILKE prays for judgment against defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA as follows:

1. For a judicial declaration of the parties' respective rights, obligations and liabilities, relative to the matters referred to in Paragraph 11, above;

2. For plan benefits now due and owing, and an enforcement of plaintiff's rights in that regard, relative to the matters referred to in Paragraphs 11 and 14, above;

3. For employee benefits ancillary to the LTD benefits at issue, if any;

4. For reasonable attorney fees and costs of suit; and

5. For such other and further relief as the Court deems just and proper.

Dated: June 8, 2017                       LAW OFFICE OF ROBERT F. KEEHN


By: _____/s/_____
    Robert F. Keehn, Esq.
    Attorney for Plaintiff
    Erik G. Wilke